JANVIER, Judge
(dissents).
I have not abandoned my view that Article 2139 of our LSA-Civil Code should be interpreted to mean that, where it can be shown that the identical money which is used in an effort to discharge a preexisting debt has been stolen — as distinguished from embezzled — the debt is not discharged and the money, if identified, may be recovered by the owner from the creditor who received it and that this interpretation should be placed on the article even though the creditor may have had no knowledge that the money was stolen. But I cannot now be persuaded that the adoption of the Negotiable Instruments Law (Act 64 of *854 1904) LSA-R.S. 7:1 et seq., did not to all intents and purposes repeal Article 2139.
There can be no doubt that, prior to the adoption of the Negotiable Instruments Law, money under the common law, the Law Merchant, was negotiable and that the purpose of the Negotiable Instruments Law was to codify the Law Merchant so far as negotiable paper is concerned, and I feel that in adopting the Negotiable Instruments Law we, in Louisiana, have adopted the concept of full negotiability of money under the common law and that consequently an instrument which calls for payment in money is negotiable and that when it is discharged by the payment of money, which is also negotiable, this money is not subject to the claim of anyone else when there is no knowledge of any defect which may exist in the title to the money as the result of theft.
I respectfully dissent.